Filed 1/25/23  P. v. Cross CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095674 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F08966) |
| v. | |
| JAMES CROSS, | |
| Defendant and Appellant. | |

Defendant James Cross appeals the trial court's denial of the California Department of Corrections and Rehabilitation's (Department) recommendation to consider recalling his sentence and resentencing him.  Agreeing with the parties that recent statutory changes warrant reconsideration, we reverse and remand.

1

# BACKGROUND[1]

## I

### *Sentencing and Direct Appeal*

In 2004, defendant and a coconspirator supplied a confidential informant with multiple firearms in a plan to kill another individual. Before the plan could be executed, the informant turned the firearms over to law enforcement and search warrants were served. (*People v. Cross, supra*, C059882.) In 2008, after a jury found defendant guilty of multiple counts including conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187)[2] and found true a firearm enhancement (§ 12022, subd. (a)(2)), the trial court sentenced defendant to an aggregate indeterminate term of 25 years to life, plus a three-year determinate term in prison.

## II

### *Department's Recommendation*

On January 21, 2020, the Department filed a letter under former section 1170, subdivision (d)(1), recommending the trial court recall defendant's sentence. The Department summarized defendant's rehabilitative history and noted defendant exhibited exceptional conduct, participated in programming, and received laudatory recommendations from employers and staff. In a February 25, 2020 letter addressed to the Board of Parole Hearings, the trial court denied the Department's recommendation because it found defendant presented a danger to public safety based on statements he made to a clinician in 2014. The trial court did not set a hearing, appoint counsel, or provide notice to defendant of the Department's recommendation. On June 12, 2020, the

---

[1] The facts are taken from our opinion in defendant's direct appeal. (*People v. Cross* (Mar. 8, 2010, C059882) [nonpub. opn.].) We previously granted the People's request to incorporate by reference the record from the direct appeal.

[2] Undesignated statutory references are to the Penal Code.

trial court issued an ex parte minute order declining to exercise its discretion to recall defendant's sentence.

DISCUSSION

Defendant contends that due to the clarifying provisions made effective through Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, § 3.1) (Assembly Bill 1540), he is entitled to reconsideration of the Department's recommendation to recall and resentence him. The People dispute whether Assembly Bill 1540 applies retroactively, but concede "judicial efficiency counsel[s] in favor of simply applying the new statutory terms." Thus, the parties agree this matter should be remanded for reconsideration of the Department's recommendation. We agree with the parties.

Defendant further argues that given due process protections, the trial court abused its discretion in declining to recall defendant's sentence without providing formal notice or an opportunity to present briefing. At the time of the Department's recommendation, former section 1170, subdivision (d)(1) permitted a trial court, at any time upon the recommendation of the Department, to "recall the sentence and commitment previously ordered and resentence the defendant" provided the new sentence is no greater than the initial sentence. (Former § 1170, subd. (d)(1).)

While this appeal was pending, Assembly Bill 1540, effective January 1, 2022, made several " 'clarifying changes' " to the standards and factors a trial court must employ when considering the Department's recommendation. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041 (*McMurray*); see Stats. 2021, ch. 719, § 3.1.)[3] As relevant here, where the Department makes the recommendation, the court shall provide

_____

[3] Assembly Bill 1540 also moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to new section 1170.03. (Stats. 2021, ch. 719, § 3.1.) Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text. (Stats. 2022, ch. 58, § 10.)

notice to defendant, set a hearing within 30 days of the court's receipt of the Department's request, and appoint counsel to represent defendant. (§ 1172.1, subd. (b)(1).) Furthermore, the trial court must consider an added "presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (§ 1172.1, subd. (b)(2), added by Stats. 2021, ch. 719, § 3.1, subd. (b)(2).) "A statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment." (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922.) Because Assembly Bill 1540 was passed in part to clarify legislative intent, it is properly considered in interpreting former section 1170, subdivision (d). (*Carter*, at p. 922.) Therefore, because the trial court's denial of the Department's recommendation predated enactment of Assembly Bill 1540, the clarification of the law applies here.

Defendant is entitled to have the court apply the new procedures of Assembly Bill 1540, including notice, a hearing, and a statement of reasons on the record. He is also entitled to have the court apply the presumption favoring recall. (§ 1172.1, subd. (b)(2).) Lastly, the court must consider whether the presumption favoring recall has been overcome by a finding of unreasonable risk of danger to public safety as defined in the statute; that is, that defendant will commit a new violent felony within the meaning of section 667, subdivision (e)(2)(C)(iv). (§ 1172.1, subd. (b)(2); see *People v. Valencia* (2017) 3 Cal.5th 347, 351.) Accordingly, the proper remedy is to reverse and remand the matter for the trial court to consider the Department's recommendation under the new standards. (*McMurray, supra*, 76 Cal.App.5th at p. 1041.)

Given our conclusion, we need not address defendant's further claims. Additionally, we need not resolve the question of retroactivity. (*McMurray, supra*, 76 Cal.App.5th at p. 1042.)

4

## DISPOSITION

The trial court's order declining to recall and resentence defendant is reversed. The matter is remanded for reconsideration of the Department's recommendation to recall and resentence defendant in accordance with section 1172.1 as added by Assembly Bill 1540.

                                    _____/s/_____
                                    BOULWARE EURIE, J.

We concur:


_____/s/_____
DUARTE, Acting P. J.


_____/s/_____
RENNER, J.